ZEHMER, Judge.
The issue in this worker’s compensation case is whether the deputy commissioner *893 erred by reducing claimant’s wage-loss benefits fifty percent pursuant to Section 440.-15(3)(b)(4), Florida Statutes (1981), because the sixty-three year old claimant was receiving social security benefits at the time of his industrial accident. We reverse.
Upon reaching age sixty-two, long before the accident here involved, claimant partially retired and began receiving social security retirement benefits. At that time, he voluntarily limited his working hours and income with the employer to stay below the maximum earned income permissible without causing a reduction in such social security benefits. He continued doing essentially the same work as before, and on December 23, 1981, he suffered a compensable injury to his lower back. Claimant reached maximum medical improvement by June 29, 1982, with an eight percent permanent impairment to the body. He filed for wage-loss benefits, and his claim was controverted by the employer and carrier on the basis that claimant had voluntarily limited his income by refusing employment with the employer.
A hearing was held on November 16, 1982, resulting in the entry of a compensation order on November 19, 1982, wherein the deputy found that claimant had not voluntarily limited his income and was entitled to wage-loss benefits from June 29, 1982, to October 31, 1982. Since claimant had commenced receiving social security benefits prior to the accident and continued to receive those benefits following the accident, the deputy reduced the wage-loss benefits by fifty percent in accordance with Section 440.15(3)(b)(4). Claimant appealed only this issue.
According to Larson, Workmen’s Compensation (Desk Edition), Section 97.10:
Wage-loss legislation is designed to restore to the worker a portion, such as one-half to two-thirds of wages lost due to the three major causes of wage-loss: physical disability, economic unemployment, and old age. The crucial operative fact is that of wage loss; the cause of the wage loss merely dictates the category of legislation applicable. Now if a workman undergoes a period of wage loss due to all three conditions, it does not follow that he should receive three sets of benefits simultaneously and thereby recover more than his actual wage. He is experiencing only one wage loss and, in any logical system, should receive only one wage-loss benefit. This conclusion is inevitable, once it is recognized that workmen’s compensation, unemployment compensation, non-occupational sickness and disability insurance, and old age and survivors’ insurance are all parts of a system based, upon a common principle. If this is denied, then all coordination becomes impossible and social legislation becomes a grab-bag of assorted unrelated benefits.
Section 440.15(3)(b)(4), Florida Statutes (1981), provides as follows:
When the injured employee reaches age 62, wage-loss benefits shall be reduced by the total amount of the social security retirement benefits which the employee is receiving, not to exceed 50% of the employee’s wage-loss benefits.
This section requires an equitable reduction of wage-loss benefits to employees who are injured and commence receiving such benefits and subsequently begin receiving social security benefits at age sixty-two. The need for a reduction of wage-loss benefits in that situation is evident because such benefits compensate the claimant for loss of wages based on a pre-retirement income level and the addition of social security income results in the receipt of duplicate, as well as excessive, benefits. Social security retirement benefits compensate an individual for the loss of wages resulting from partial or complete retirement from the labor market. If an individual partially retires and receives social security benefits designed to compensate him for his loss of earned income, he should not also continue to receive worker’s compensation benefits based on his higher pre-retirement wages. This is the purpose of Section 440.-15(3)(b)(4).
In the present case, however, claimant had already partially retired from the labor force, was receiving social security benefits *894 at the time of his injury, and his wage-loss benefits were based on an average weekly wage reflecting his reduced post-retirement income. As a result, there was no duplication of benefits in the manner sought to be prevented by Section 440.15(3)(b)(4), and there should be no statutory reduction on account of the social security benefits.
The deputy commissioner’s order is REVERSED and this case is REMANDED for entry of an order awarding the claimant full wage-loss benefits. •
REVERSED.
JOANOS and WIGGINTON, JJ., concur.